IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| ELIZABETH A. LITTLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. _____ |
| ) | JURY DEMAND |
| ELLIS MOVING AND STORAGE, LLC ) | Judge _____ |
| ) | Magistrate Judge _____ |
| Defendant. ) | |

## COMPLAINT

Comes now Plaintiff, by and through counsel, and alleges the following in her cause of action against Defendant: <u>Count One</u> - Age Discrimination in Employment Act of 1967.; <u>Count Two</u> - Violations of Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C. § 2000e; <u>Count Three</u> - Violations of the Tennessee Human Rights Act, T.C.A. §§ 4-21-101 *et seq*. and <u>Count Four</u> - Common Law Retaliation.

1. Plaintiff Elizabeth A. Little resides in Robertson County, Tennessee.

2. Defendant, Ellis Moving and Storage, LLC, maintains a place of business at 114 West Trinity Lane, Nashville, Tennessee, 37207, and may be served with process through its registered agent, Mitchel Borske, 1042 Somerset Downs Blvd., Hendersonville, Tennessee 37075.

### JURISDICTION AND VENUE

3. This action is brought under the Civil Rights Act of 1991, The Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964; 42 U.S.C. 2000e; the Tennessee Human Rights Act, T.C.A. §4-21-101 *et seq*. and the common law of the State of Tennessee.

1

4. This Court has jurisdiction under 28 U.S.C. 1331 to hear Plaintiff's claims arising under the Constitution and laws of the United States.

5. This Court has jurisdiction under 28 U.S.C. 1343(4) to hear Plaintiff's claims to recover damages and to secure equitable relief under any Act of Congress providing for the protection of civil rights.

6. This Court has supplemental jurisdiction over all state law claims alleged in this complaint under 28 U.S.C. 1367 as there is a common nucleus of operative facts between state and federal law claims.

7. Venue is appropriate in the Middle District of Tennessee under 28 U.S.C. 1391(b)(2) as this is the judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

## GENERAL FACTUAL ALLEGATIONS

8. Plaintiff was a female employee of Defendant, hired in or around March 2003, as a general manager. Plaintiff was promoted to the position of Accounting and Human Resource Manager during her employment with Defendant.

9. Plaintiff handled the accounting for Defendant, including but not limited to purchases and expenses.

10. In or around June 2010, Plaintiff was concerned about purchases that were reported to her from her immediate supervisor in regards to his personal expenses being paid by the Defendant. Her immediate supervisor was also the owner of the company.

11. Plaintiff reported this activity to another officer of the company. Plaintiff was advised that if she continued to report this activity the business would have to close.

12. After Plaintiff's reports she was retaliated against. Plaintiff's immediate

supervisor began screaming at her at various times in the workplace and micromanaging Plaintiff's work.

13. During her employment Plaintiff was subjected to derrogatory comments by her supervisor about her gender and her age. Plaintiff's supervisor told a younger male employee that was hired to assist Plaintiff, that Plaintiff was "out dated," "a whiny bitch" and that the younger male employee was hired to replace Plaintiff among other comments.

14. Plaintiff's immediate supervisor continued to request reimbursement for personal items from the Defendant. Plaintiff believed this accounting practice to be illegal or unethical.

15. Plaintiff was continually discriminated against because of her gender and age.

16. Plaintiff did not receive the same consideration for vacation time and time off requests as younger employees when they requested vacation or time off. Plaintiff was barraged with emails and phone calls while she was on vacation, while younger employees were not treated in the same manner. Furthermore, Plaintiff was required to work longer hours and days to keep her work up-to-date, wherein younger employees were not required to do the same.

17. Plaintiff was terminated on July 8, 2011 and replaced with a younger male employee. At the time of her termination, Plaintiff was fifty-six (56) years of age.

18. Plaintiff filed her EEOC Charge on April 26, 2012 and has requested her Right to Sue letter, but has not received the same.

## COUNT ONE

### Violations of the Age Discrimination in Employment Act

19. The conduct described herein constitutes unlawful discriminatory practices on the part of Defendant in violation of the Age Discrimination in Employment Act.

20. Defendant is a "person" as defined by the Age Discrimination in Employment Act.

21. Defendant did segregate or classify Plaintiff based upon her age in a way that would tend to deprive her of employment opportunities or otherwise adversely affect her status as an employee.

22. Defendant's treatment of Plaintiff less favorably than her younger counterparts resulted from a knowing and intentional pattern of discrimination in violation of the Age Discrimination in Employment Act.

23. As a direct and proximate result of Defendant's violation of the Age Discrimination in Employment Act, Plaintiff has suffered and continues to suffer distress, humiliation, embarrassment, emotional pain and other damages.

## COUNT TWO
### Violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e

24. Plaintiff filed her charge with the EEOC and demanded her Right to Sue Letter.

25. During all times complained herein, Defendant was an employer under the terms of Title VII of the Civil Rights Act, 42 U.S.C. 2000e (b) and (f), and as such, Defendant is subject to the rules, regulations and penalties of this law.

26. Defendant denied Plaintiff the opportunity to be promoted, which was afforded to a younger, less qualified male.

27. This discrimination on the part of Defendant constitutes a violation of the Plaintiff's rights under Title VII.

28. The discriminatory employment practices, described herein, have caused Plaintiff to experience harm, including loss of compensation, wages back and front pay, and other employment benefits. Plaintiff has further suffered emotional distress, humiliation, indignity and

resulting injury and loss along with other damages.

## COUNT THREE
### Violations of the Tennessee Human Rights Act Against Defendant

29. The conduct described herein constitutes unlawful discriminatory practices on the part of Defendant in violation of the Tennessee Human Rights Act, T.C.A. §4-21-101 *et seq.*

30. Defendant is a "person" as defined by the Tennessee Human Rights Act.

31. Defendant did segregate or classify Plaintiff based upon her gender and her in a way that would tend to deprive her of employment opportunities or otherwise adversely affect her status as an employee in violation of T.C.A. §4-21-401.

32. Defendant's treatment of Plaintiff resulted from a knowing and intentional pattern of discrimination in violation of the Tennessee Human Rights Act.

33. As a direct and proximate result of Defendant's violation of the Tennessee Human Rights Act, Plaintiff has suffered and continues to suffer distress, humiliation, embarrassment, emotional pain and other damages.

## COUNT FOUR
### Retaliation/Wrongful Discharge

34. Plaintiff alleges that the intentional acts and omissions as described herein by the defendant constitutes adverse employment actions of retaliation for filing charges of discrimination under either Title VII or the Tennessee Human Rights Act, which entitles her to compensatory damages in an amount of $300,000.00, reinstatement, back pay, front pay, and attorneys' fees and costs.

35. In addition, Defendant's treatment and termination of Plaintiff was motivated by her refusal to participate in and reporting of illegal or unethical accounting practices.

**WHEREFORE**, Plaintiff prays:

1. For a jury to be empaneled and a judgment of compensatory damages to include front pay, back pay and emotional suffering;

2. Attorneys' fees and the cost of litigation to include expert fees;

3. Damages for humiliation, embarrassment, emotional pain and other damages;

4. All other remedies and injunctions as are necessary and proper to eliminate the discriminatory practices of Defendant;

5. Punitive damages;

6. A judgment against Defendant for prejudgment interest; and

7. Such other relief as this Court deems proper.

Respectfully submitted;

ANDY L. ALLMAN & ASSOCIATES

BY: _____
ANDY L. ALLMAN #17857
Attorney for Plaintiff
103 Bluegrass Commons Blvd.
Hendersonville, TN 37075
Telephone: (615) 824-3761
Facsimile:   (615) 264-2720

# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

| | |
|---|---|
| ELIZABETH A. LITTLE<br>*Plaintiff*<br>v.<br>ELLIS MOVING & STORAGE, LLC<br>*Defendant* | )<br>)<br>)   Case No.<br>)<br>) |

## APPEARANCE OF COUNSEL

To: The clerk of court and all parties of record

I am admitted or otherwise authorized to practice in this court, and I appear in this case as counsel for:

Elizabeth A. Little, Plaintiff                    .

Date:    07/09/2012

*Attorney's signature*

Andy L. Allman, #17857
*Printed name and bar number*

103 Bluegrass Commons Blvd.
Hendersonville, TN  37075

*Address*

andylallman@comcast.net
*E-mail address*

(615) 824-3761
*Telephone number*

(615) 264-2720
*FAX number*

# CIVIL COVER SHEET

JS 44 (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ELIZABETH A. LITTLE

**DEFENDANTS**
ELLIS MOVING & STORAGE, LLC

(b) County of Residence of First Listed Plaintiff: **Robertson**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Davidson**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Andy L. Allman, Esq., 103 Bluegrass Commons Blvd., Hendersonville, TN 37075; (615) 824-3761

Attorneys (If Known)
None known

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII of the Civil Rights Act of 1964, as amended; 42 USC 2000e; TCA 4-21-101, Common Law

Brief description of cause:
Age and Gender discrimination; Retaliatory discharge

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE
DOCKET NUMBER

DATE: 07/09/2012
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE

# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

| | |
|---|---|
| ELIZABETH A. LITTLE <br> *Plaintiff* <br> v. <br> ELLIS MOVING AND STORAGE, LLC <br> *Defendant* | ) ) ) ) ) ) ) ) Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Ellis Moving & Storage, LLC
R/A Mitchel Borske
1042 Somerset Downs Blvd.
Hendersonville, TN 37075

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Andy L. Allman & Associates
Andy L. Allman, Esq.
103 Bluegrass Commons Blvd.
Hendersonville, TN 37075
(615) 824-3761

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _____          _____
                                                                                         *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____
_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc: