IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| ELIZABETH A. LITTLE, | ) |
| Plaintiff, | ) |
| vs. | ) No. 3:12 CV 0689 |
| | ) JURY DEMAND |
| ELLIS MOVING AND STORAGE, LLC | ) Judge Todd J. Campbell |
| | ) Magistrate Judge John S. Bryant |
| Defendant. | ) |

## CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2) and the Initial Case Management Conference that took place on September 17, 2012, before this Honorable Court, the following Case Management Plan is **adopted**.

1. **Jurisdiction:** The jurisdiction in this matter is not disputed between the parties.

2. **Plaintiff's theory of the case:** Plaintiff was a female employee of Defendant, hired in or around March 2003, as a general manager. Plaintiff was promoted to the position of Accounting and Human Resource Manager during her employment with Defendant. She handled the accounting for Defendant, including but not limited to purchases and expenses. In or around June 2010, Plaintiff was concerned about purchases that were reported to her from her immediate supervisor in regards to his personal expenses being paid by the Defendant. Her immediate supervisor was also the owner of the company. Plaintiff reported this activity to another officer of the company. Plaintiff was advised that if she continued to report this activity the business would have to close.

After Plaintiff's reports she was retaliated against. Plaintiff's immediate supervisor began

1

screaming at her at various times in the workplace and micromanaging Plaintiff's work. During her employment Plaintiff was subjected to derogatory comments by her supervisor about her gender and her age. Plaintiff did not receive the same consideration for vacation time and time off requests as younger employees when they requested vacation or time off. Plaintiff was barraged with emails and phone calls while she was on vacation, while younger employees were not treated in the same manner. Furthermore, Plaintiff was required to work longer hours and days to keep her work up-to-date, wherein younger employees were not required to do the same. Plaintiff was terminated on July 8, 2011 and replaced with a younger male employee. At the time of her termination, Plaintiff was fifty-six (56) years of age.

2. **Defendant's theory of the case:**

The Defendant denies any wrongful conduct and the Plaintiff was not replaced by a younger employee.

4. **Identification of the issues:** The issues of jurisdiction and venue are resolved and the issues of liability and damages are still in dispute.

5. **Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure:** The parties do not anticipate any need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure.

6. **Witnesses, if known, subject to supplementation by each party:** The Plaintiff has not yet completely identified all witnesses in this matter and will provide witnesses in her Rule 26(a) disclosures. The Defendant will identify witnesses in its initial disclosures.

7. **Initial Disclosures and Staging of Discovery:** The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within thirty (30) days from the date of the initial case

2

management conference, on or before **Wednesday, October 10, 2012.**

The parties shall complete all written discovery and depose all fact witnesses on or before **Wednesday, April 10, 2013.** Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a telephonic conference call with Magistrate Judge Bryant.

8. **Dispositive Motions:** The parties shall file all dispositive motions on or before **Friday, May 10, 2013.** Responses to dispositive motions shall be filed by **Friday, June 7, 2013** or within twenty-eight (28) days after the filing of the motion. Optional replies may be filed by **Friday, June 21, 2013** or within fourteen (14) days after the filing of the response. If dispositive motions are filed early, the response and reply dates are moved up accordingly. The motion and the response memoranda are limited to twenty-five (25) pages and the reply, if the reply is filed, is limited to five (5) pages, absent Court permission for longer pleading.

9. **Subsequent case management conferences:** The parties shall participate in a subsequent case management conference to be conducted by telephone on **Wednesday, January 23, 2013 at 10:00 a.m.** The parties shall call into (615) 695-2857 to participate in said conference.

10. **Target trial date:** The parties estimate that the trial in this matter will take three (3) days. The trial date shall be set in a subsequent Order. The target trial date is October 8, 2013.
IT IS SO **ORDERED:**

*s/ John S. Bryant*
JOHN S. BRYANT
United States Magistrate Judge

3

APPROVED FOR ENTRY:


**ANDY L. ALLMAN & ASSOCIATES**

/s/ Andy L. Allman
Andy L. Allman, BPR No. 17857
103 Bluegrass Commons Blvd.
Hendersonville, Tennessee 37075
Telephone: (615) 824-3761
Facsimile: (615) 264-2720
andylallman@comcast.net

*Counsel for Plaintiff*


/s/ Mark T. Freeman
Mark T. Freeman, Esq.
9 Music Square West
Nashville, TN 37203
Telephone: (615) 390-9004
Facsimile: (615) 352-7884
freemanlaw@comcast.net


*Counsel for Defendant*

4